IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD CARL, et al.,

    Plaintiffs,

    v.                                        *   Civil Action No.: RDB-05-3124

RAYLYN FARMS, INC., et al.

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently pending before this Court is Plaintiffs Bernard J. Carl and Joan T. Carl's ("Plaintiffs") Motion for Leave to File Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 103.6 of this Court. Defendants Raylyn Farms, Inc. ("Raylyn"), Ray Little ("Ray"), and Lynne Little ("Lynne") (collectively, "Defendants") oppose the filing of an Amended Complaint. The issues have been fully briefed by the parties and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED.

### BACKGROUND

These facts are alleged in the Complaint and proposed Amended Complaint. Raylyn provides services associated with equestrian competitions, including buying, selling, training, and stabling horses. Plaintiffs have two daughters interested in riding horses, so they approached Raylyn to assist them in purchasing, training, and boarding suitable horses for competition and for investment. The Plaintiffs allege that the Littles held themselves out to be experts in performing those services. Over approximately three years, Plaintiffs purchased seven horses for

over $1 million, and allegedly paid substantial fees to Raylyn for its services in facilitating the sales, training, and boarding of the horses. Plaintiffs contend that the Defendants abused their "position of trust" by skimming money, which was heightened after the Defendants allegedly refused to produce Raylyn's records of what the company actually paid for the horses.

Plaintiffs filed the instant action on November 18, 2005, alleging eight claims: breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, violation of the Maryland Consumer Protection Act, negligence, breach of contract, and conversion. After discovery commenced in this case, Plaintiffs found what they believe is evidence of fraud on the Defendants' part. They filed the instant Motion for Leave to File Amended Complaint on October 13, 2006, in order to bring an additional claim and to seek punitive damages.[1] (Paper No. 29.)

## STANDARD OF REVIEW

A plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). As Judge Chasanow of this Court stated in *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002), leave to amend a complaint pursuant to Rule 15(a) "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court enumerated certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint. The Court noted that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or

---

[1] This Court's Paperless Order of October 2, 2006, which approved the parties' Joint Request to modify the Scheduling Order (Paper. No. 25), permitted the parties to move to amend pleadings as late as October 15, 2006. Thus, Plaintiffs timely filed their motion.

dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

The U.S. Court of Appeals for the Fourth Circuit recently held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The court also held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 427.

## ANALYSIS

Plaintiffs seek to add a claim of fraud and to request punitive damages in light of evidence that they contend emerged during discovery. In support of their Motion for Leave to File Amended Complaint, Plaintiffs point to one of Defendants' interrogatory responses revealing that Raylyn purchased a horse for $400,000[2] from two dealers but charged Plaintiffs $600,000. (Pls.' Mem. Supp. Mot. Amend p. 3.) Plaintiffs allege that they only realized that their $600,000 did not go directly to the dealers when they read this response during discovery. (*Id.*) Plaintiffs rely on other similar examples to support their contention that they have sufficient information to add a claim of fraud and that Defendants' conduct warrants a request for punitive damages. (*See id.* at 3-4.)

---

[2] The response in fact states that "[a]s consideration for the purchase," Raylyn paid one dealer $40,000 and another dealer $400,000. (Pl.'s Mem. Supp. Mot. Amend p. 3.) It is unclear whether $400,000 or $440,000 was paid. Regardless, the sum was significantly lower than $600,000.

Defendants argue that Plaintiffs' proposed amendment would be futile under *Foman* and *Laber*, because it does not comply with the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure.[3]  (Defs.' Resp. Opp'n Mot. Amend p. 1.)  Specifically, Rule 9(b) requires that "the circumstances of fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b); *see Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 249-50 (D. Md. 2000) (holding that "a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements") (citing *Windsor Assocs., Inc. v. Greenfeld*, 564 F. Supp. 273, 280 (D. Md. 1983)).  Defendants contend that Plaintiffs' proposed fraud claim "contains nothing more than three vague, generalized allegations regarding purported misrepresentations made by the Defendants."  (Defs.' Resp. Opp'n Mot. Amend p. 3-4.)  They allege that Plaintiffs fail to identify the speaker of the alleged fraudulent misrepresentations, where and when the statements were made, and to whom the statements were made.  (*Id*. at 4-5.)

The U.S. Court of Appeals for the Fourth Circuit has held that "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts."  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).  Plaintiffs contend that, taken in context with the other paragraphs of the original Complaint and the proposed Amended Complaint—that are incorporated in the beginning of the fraud count—the three paragraphs comprising the fraud count are in fact supported by the relevant facts that Defendants claim are

---

[3]  Defendants do not appear to challenge Plaintiffs' amendment seeking punitive damages.

missing. (Pls.' Reply Mem. p. 1-3.)  In addition, Plaintiffs note that the relevant facts "already have been fleshed out in early written discovery and are not legitimately in dispute." (*Id*. at 3.)

This Court finds that the original Complaint contains sufficient facts to support a fraud claim under Rule 9(b), and the Amended Complaint only clarifies the claim.  Thus, Plaintiffs' proposed amendment would not be futile.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED.  A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date:  November 14, 2006